# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PATRICK PLUMLEY, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | JURY TRIAL DEMANDED |
| RESTORBIO, INC., JEFFREY A. CHODAKEWITZ, PAUL FONTEYNE, MICHAEL GRISSINGER, CHEN SCHOR, JONATHAN SILVERSTEIN, DAVID STEINBERG, LYNNE SULLIVAN, ADICET BIO, INC., and PROJECT OASIS MERGER SUB, INC., | ) ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. | ) ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.     On April 28, 2020, resTORbio, Inc.'s ("resTORbio" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused resTORbio to enter into an agreement and plan of merger (the "Merger Agreement") with Adicet Bio, Inc. ("Adicet") and Project Oasis Merger Sub, Inc. ("Merger Sub").

2.     The Merger Agreement provides for, among other things: (i) the merger of Adicet with and into Merger Sub, with Adicet surviving as a wholly-owned subsidiary of resTORbio; and (ii) the conversion of each share of Adicet capital stock into 0.8559 shares of resTORbio common stock (the "Proposed Transaction").  Upon the closing of the Proposed Transaction, stockholders

of Adicet are expected to own approximately 75% of the outstanding common stock of resTORbio, while shareholders of resTORbio are expected to own approximately 25%.

3.   On June 23, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC"), which recommends that the Company's stockholders vote to approve, among other things, the issuance of stock in connection with the Proposed Transaction.

4.   As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

<u>JURISDICTION AND VENUE</u>

5.   This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.   This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.   Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

<u>PARTIES</u>

8.   Plaintiff is, and has been continuously throughout all times relevant hereto, the

owner of resTORbio common stock.

9.      Defendant resTORbio is a Delaware corporation and maintains its principal executive offices at 500 Boylston Street, 13th Floor, Boston, Massachusetts 02116.  resTORbio's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "TORC."

10.      Defendant Jeffrey A. Chodakewitz is a director of the Company.

11.      Defendant Paul Fonteyne is a director of the Company.

12.      Defendant Michael Grissinger is a director of the Company.

13.      Defendant Chen Schor is Chief Executive Officer, Co-Founder, and a director of the Company.

14.      Defendant Jonathan Silverstein is a director of the Company.

15.      Defendant David Steinberg is a director of the Company.

16.      Defendant Lynne Sullivan is a director of the Company.

17.      The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18.      Defendant Adicet is a Delaware corporation and a party to the Merger Agreement.

19.      Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of resTORbio, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

20.      Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of resTORbio (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21.      This action is properly maintainable as a class action.

22.     The Class is so numerous that joinder of all members is impracticable.  As of April 24, 2020, there were approximately 36,445,751 shares of resTORbio common stock issued and outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

27.     resTORbio is a clinical-stage biopharmaceutical company that develops innovative

4

medicines that target the biology of aging to treat aging-related diseases.

28.     The Company's lead program selectively inhibits TORC1, an evolutionarily conserved pathway that contributes to the decline in function of aging organ systems.

29.     On April 28, 2020, the Board caused resTORbio to enter into the Merger Agreement.

30.     Pursuant to the terms of the Merger Agreement, among other things: (i) Adicet will merge with and into Merger Sub, with Adicet surviving as a wholly-owned subsidiary of resTORbio; and (ii) each share of Adicet capital stock will be converted into 0.8559 shares of resTORbio common stock.

31.     According to the press release announcing the Proposed Transaction:

resTORbio, Inc. (Nasdaq: TORC) and Adicet Bio, Inc., a privately-held biopharmaceutical company, today announced that they have entered into a definitive merger agreement to create a combined publicly-traded biotechnology company focused on the development of Adicet's off-the-shelf allogeneic gamma delta T cell therapies for oncology and other indications. Adicet's lead candidate, ADI-001, is a gamma delta CAR-T cell therapy targeting CD20 being developed for non-Hodgkin's lymphoma. Adicet has a pipeline of differentiated pre-clinical and discovery programs leveraging its universal, off-the-shelf gamma delta CAR-T cell platform.

Under the terms of the agreement, Adicet would merge with a wholly-owned subsidiary of resTORbio in an all-stock transaction, and the equityholders of Adicet will become the majority owners (75%) of resTORbio's outstanding common stock upon the close of the merger. . . .

About the Proposed Merger

Under the terms of the merger agreement, stockholders of Adicet will receive shares of newly issued resTORbio common stock. On a pro forma basis, Adicet equityholders are expected to own approximately 75% of the combined company and current resTORbio equityholders are expected to own approximately 25% of the combined company. The parties anticipate that the combined company's primary focus will be to advance Adicet's unique cell therapy platform. The parties anticipate that the combined company will continue the development of RTB101, resTORbio's small molecule product candidate that is a potent inhibitor of target of rapamycin complex 1 (TORC1), for a COVID-19 related indication, with clinical

data expected by Q1 2021. The terms of the merger agreement contemplate that a contingent value right (a "CVR") will be distributed to resTORbio stockholders as of immediately prior to the effective time of the merger, entitling CVR holders to receive net proceeds from the commercialization, if any, received from a third party commercial partner of the product candidate RTB101. The terms and conditions of the CVRs will be pursuant to a CVR Agreement resTORbio will enter into prior to the closing of the merger (the "CVR Agreement").

Following the merger, the combined company will leverage expertise from both companies with Chen Schor to serve as President and Chief Executive Officer, Stewart Abbot, Ph.D., as Senior Vice President and Chief Operating and Scientific Officer, Francesco Galimi, M.D., Ph.D., as Senior Vice President and Chief Medical Officer, Lloyd Klickstein, M.D., Ph.D., as Chief Innovation Officer, Carrie Krehlik, as Senior Vice President and Chief Human Resource Officer and Joan Mannick, M.D., as Head of Infectious Diseases to oversee the clinical program conducted under the CVR. At closing, the combined board of directors is anticipated to consist of seven members, which will include five designated from Adicet, one designated from resTORbio and Chen Schor, President and Chief Executive Officer. Anil Singhal will serve as an advisor to the board of directors. The company will maintain offices in Menlo Park, CA and Boston, MA. . . .

The transaction is expected to close in the second half of 2020, subject to approvals of each company's stockholders and other customary closing conditions. Upon completion of the merger, the combined company will operate under the name Adicet Bio and is expected to trade on the Nasdaq Global Market under a new ticker symbol to be determined.

JMP Securities LLC is acting as financial advisor to resTORbio and Goodwin Procter LLP is serving as legal counsel to resTORbio. Morrison & Foerster LLP is serving as legal counsel to Adicet Bio.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

32.    Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

33.    As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

34.    First, the Registration Statement omits the Company's and Adicet's financial projections, including the "financial projections provided to [JMP Securities LLC ("JMP")] by

resTORbio relating to resTORbio and Adicet."

35.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

36.     Second, the Registration Statement omits material information regarding JPM's engagement.

37.     The Registration Statement fails to disclose whether JPM has performed past services for any parties to the Merger Agreement or their affiliates, as well as the timing and nature of such services and the amount of compensation JPM has received for providing such services.

38.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

39.     Third, the Registration Statement omits material information regarding the process leading up to the execution of the Merger Agreement.

40.     The Registration Statement fails to disclose the terms and values of the proposals received by the Board: (i) between April and December 2019; (ii) during January 2020; and (iii) from fifteen companies by March 4, 2020.

41.     The Company's stockholders are entitled to an accurate description of the process leading up to the Proposed Transaction.

42.     The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) resTORbio's Reasons for the Merger; and (iii)

Opinion of the resTORbio Financial Advisor.

43.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

**COUNT I**

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and resTORbio**

44.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. resTORbio is liable as the issuer of these statements.

46.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within resTORbio, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

47.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

48.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

49.     The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

50.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

51.     Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants, Adicet, and Merger Sub

52.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

53.     The Individual Defendants, Adicet, and Merger Sub acted as controlling persons of resTORbio within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of resTORbio and participation in and/or awareness of resTORbio's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of resTORbio, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

54.     Each of the Individual Defendants, Adicet, and Merger Sub was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

55.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of resTORbio, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and

exercised the same.  The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

56.     Adicet and Merger Sub also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

57.     By virtue of the foregoing, the Individual Defendants, Adicet, and Merger Sub violated Section 20(a) of the 1934 Act.

58.     As set forth above, the Individual Defendants, Adicet, and Merger Sub had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: June 26, 2020                              **RIGRODSKY & LONG, P.A.**

                                                  By:   */s/ Gina M. Serra*
                                                        Seth D. Rigrodsky (#3147)
                                                        Brian D. Long (#4347)
                                                        Gina M. Serra (#5387)
**OF COUNSEL:**                                         300 Delaware Avenue, Suite 1220
                                                        Wilmington, DE 19801
**RM LAW, P.C.**                                        Telephone: (302) 295-5310
Richard A. Maniskas                                     Facsimile: (302) 654-7530
1055 Westlakes Drive, Suite 300                         Email: sdr@rl-legal.com
Berwyn, PA 19312                                        Email: bdl@rl-legal.com
Telephone: (484) 324-6800                               Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com                                  *Attorneys for Plaintiff*